UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CIVIL ACTION NO.: 5:18-CV-66-TBR

CHRISTINA TURNER, on behalf of herself,
and all others similarly situated,                                                               PLAINTIFF,

v.

PILLPACK, INC.,                                                                                        DEFENDANT.

Electronically Filed

**PILLPACK, INC.'S ANSWER AND AFFIRMATIVE
AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant PillPack, Inc. ("PillPack") hereby provides its answers and other responses to Plaintiff Christina Turner's ("Plaintiff") Complaint for Damages and Injunctive Relief Pursuant to the Telephone Consumer Protection Act ("Complaint") (ECF No. 1).  PillPack's responses are made without waiving, and expressly reserving, all rights PillPack has to file dispositive motions that are addressed to the claims asserted in the Complaint.  Except as specifically admitted herein, each and every allegation in the Complaint is denied.  PillPack's responses to the individually numbered and other paragraphs of the Complaint are as follows:

**"Introduction"**[1]

1.      In response to the allegations in the first sentence of Paragraph 1, PillPack admits only that Plaintiff purports to bring this putative class action as alleged.  PillPack otherwise denies all allegations in the first sentence of Paragraph and specifically that class treatment is required or

---

[1] PillPack's inclusion of the headings used in the Complaint is strictly for ease of reference by the Court and parties. PillPack does not admit the truth of any allegation contained within any headings or sub-headings, but instead expressly denies any such allegations.

appropriate in this action. The second sentence of Paragraph 1 contains no allegations of fact directed to PillPack and therefore requires no response by PillPack. To the extent the allegations in the second sentence of Paragraph 1 may be construed to contain allegations of fact directed to PillPack requiring a response, PillPack denies said allegations. Except as specifically admitted herein, PillPack denies all allegations in Paragraph 1.

**"Nature of the Action"**

2.      PillPack admits only that it is a pharmacy business with a place of business located in Manchester, New Hampshire. Except as specifically admitted herein, PillPack denies all allegations in Paragraph 2.

3.      PillPack denies the allegations in Paragraph 3.

4.      Paragraph 4 contains no allegations of fact directed to PillPack and otherwise states conclusions of law to which no response is required. To the extent the allegations in Paragraph 4 may be construed to contain allegations of fact directed to PillPack requiring a response, PillPack denies said allegations.

5.      PillPack denies the allegations in Paragraph 5 and specifically denies that class treatment is required or appropriate in this action.

6.      PillPack denies the allegations in Paragraph 6 and specifically denies that class treatment is required or appropriate in this action.

7.      Paragraph 7 contains no allegations of fact directed to PillPack and therefore requires no response by PillPack. To the extent the allegations in Paragraph 7 may be construed to contain allegations of fact directed to PillPack requiring a response, PillPack denies said allegations. Further answering, PillPack specifically denies that Plaintiff or any putative class members are entitled to any damages, injunctive or other relief against it in this action.

### "Jurisdiction and Venue"

8. Paragraph 8 contains no allegations of fact directed to PillPack and otherwise states conclusions of law to which no response is required.

9. Paragraph 9 contains no allegations of fact directed to PillPack and otherwise states conclusions of law to which no response is required. Further answering, PillPack specifically denies that Plaintiff or any putative class members are entitled to any damages, injunctive or other relief against it in this action.

10. Paragraph 10 states conclusions of law to which no response is required. To the extent the allegations in Paragraph 10 may be construed to contain allegations of fact directed to PillPack requiring a response, PillPack states that such allegations are vague, ambiguous and imprecise. PillPack cannot, therefore, admit or deny them, and so denies them.

### "Parties"

11. PillPack lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 11. The third sentence of Paragraph 11 states conclusion of law to which no response is required.

12. In response to the allegations in the first sentence of Paragraph 12, PillPack admits only that it is a pharmacy business with a place of business located in Manchester, New Hampshire. The second sentence of Paragraph 12 states conclusions of law to which no response is required. Except as specifically admitted herein, PillPack denies all allegations in Paragraph 12.

**"The Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § § 227 *et seq.*"**

13. Paragraph 13 (including footnote 1) contains no allegations of fact directed to PillPack and otherwise states conclusions of law to which no response is required. To the extent Paragraph 13 may be construed to contain allegations of fact directed to PillPack requiring a

response, PillPack states only that the TCPA speaks for itself and is the best evidence of its contents. Except as expressly stated herein, PillPack denies any allegations of fact directed to it in Paragraph 13.

14. Paragraph 14 (including footnote 2) contains no allegations of fact directed to PillPack and otherwise states conclusions of law to which no response is required. To the extent Paragraph 14 may be construed to contain allegations of fact directed to PillPack requiring a response, PillPack states only that the TCPA speaks for itself and is the best evidence of its contents. Except as expressly stated herein, PillPack denies any allegations of fact directed to it in Paragraph 14.

15. Paragraph 15 (including footnote 3) contains no allegations of fact directed to PillPack and otherwise states conclusions of law to which no response is required. To the extent Paragraph 15 may be construed to contain allegations of fact directed to PillPack requiring a response, PillPack states only that the TCPA and subject FCC "findings" speaks for themselves and are the best evidence of their contents. Except as expressly stated herein, PillPack denies any allegations of fact directed to it in Paragraph 15.

16. Paragraph 16 contains no allegations of fact directed to PillPack to which a response is required. To the extent Paragraph 16 may be construed to contain allegations of fact directed to PillPack requiring a response, PillPack states that the subject allegations are vague, ambiguous and imprecise. PillPack cannot, therefore, admit or deny them, and so denies them.

17. Paragraph 17 contains no allegations of fact directed to PillPack to which a response is required. To the extent Paragraph 17 may be construed to contain allegations of fact directed to PillPack requiring a response, PillPack states that such allegations are vague, ambiguous,

imprecise and hypothetical in nature. PillPack cannot, therefore, admit or deny them, and so denies them.

18. Paragraph 18 contains no allegations of fact directed to PillPack to which a response is required. To the extent Paragraph 18 may be construed to contain allegations of fact directed to PillPack requiring a response, PillPack states that such allegations are vague, ambiguous, imprecise and hypothetical in nature. PillPack cannot, therefore, admit or deny them, and so denies them.

19. Paragraph 19 contains no allegations of fact directed to PillPack to which a response is required. To the extent Paragraph 19 may be construed to contain allegations of fact directed to PillPack requiring a response, PillPack states that such allegations are vague, ambiguous, imprecise and hypothetical in nature. PillPack cannot, therefore, admit or deny them, and so denies them.

20. Paragraph 20 (including footnote 4) contains no allegations of fact directed to PillPack and otherwise states conclusions of law to which no response is required. To the extent Paragraph 20 may be construed to contain allegations of fact directed to PillPack requiring a response, PillPack states only that the TCPA and referenced "Report and Order" speaks for themselves and are the best evidence of their contents. Except as expressly stated herein, PillPack denies any allegations of fact directed to it in Paragraph 20.

21. Paragraph 21 contains no allegations of fact directed to PillPack and otherwise states conclusions of law to which no response is required. To the extent Paragraph 21 may be construed to contain allegations of fact directed to PillPack requiring a response, PillPack states only that the TCPA and referenced "Declaratory Ruling" speak for themselves and are the best

5

evidence of their contents. Except as expressly stated herein, PillPack denies any allegations of fact directed to it in Paragraph 21.

22. Paragraph 22 contains no allegations of fact directed to PillPack and otherwise states conclusions of law to which no response is required. To the extent Paragraph 22 may be construed to contain allegations of fact directed to PillPack requiring a response, PillPack states only that the TCPA and referenced "Declaratory Ruling," "FCC Order," caselaw and "Mobile Marketing Association" document speak for themselves and are the best evidence of their contents. Except as expressly stated herein, PillPack denies any allegations of fact directed to it in Paragraph 20.

### "Common Factual Allegations"

23. PillPack denies the allegations in Paragraph 23.

24. PillPack denies the allegations in Paragraph 24.

25. PillPack denies the allegations in Paragraph 25.

26. PillPack denies the allegations in Paragraph 26.

27. Paragraph 27 states conclusions of law to which no response is required. To the extent Paragraph 27 may be construed to contain allegations of fact directed to PillPack requiring a response, PillPack states that the TCPA speaks for itself and is the best evidence of its contents, and otherwise denies said allegations.

28. Paragraph 28 states conclusions of law to which no response is required. To the extent Paragraph 28 may be construed to contain allegations of fact directed to PillPack requiring a response, PillPack states that the TCPA speaks for itself and is the best evidence of its contents, and otherwise denies said allegations.

**"Facts Specific to Plaintiff Turner"**

29. PillPack states that it lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 29 concerning her purported "receipt" of the purported text message at "wireless number ending in 2221," and so denies them. PillPack otherwise denies the allegations in Paragraph 29.

30. PillPack states that it lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 30 concerning her purported "receipt" of the purported message and so denies them. To the extent a further response to the allegations in Paragraph 30 may be required, PillPack states only that the purported text message, which contains no reference to or identification of PillPack, speaks for itself and is the best evidence of its contents. Except as expressly stated herein, PillPack denies the allegations in Paragraph 30.

31. PillPack states that it lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 31 concerning her purported "receipt" of the purported message," and so denies them. PillPack otherwise denies the allegations in Paragraph 31

32. Paragraph 32 states conclusions of law to which no response is required. To the extent Paragraph 32 may be construed to contain allegations of fact directed to PillPack requiring a response, PillPack denies said allegations.

33. PillPack lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and so denies them.

34. Paragraph 34 states conclusions of law to which no response is required. To the extent Paragraph 34 may be construed to contain allegations of fact directed to PillPack requiring a response, PillPack denies said allegations.

35. PillPack denies the allegations in Paragraph 35.

36. PillPack denies the allegations in Paragraph 36.

## "Class Action Allegations"

37. In response to the allegations in Paragraph 37, PillPack admits only that Plaintiff purports to assert claims against PillPack on behalf of the alleged putative class. PillPack denies all other allegations in Paragraph 37, and specifically denies that any class should be certified in this action.

38. In response to the allegations in the first sentence of Paragraph 38, PillPack admits only that Plaintiff purports to exclude "Defendant and its employees and agents" from the alleged putative class. PillPack denies all other allegations in the first sentence of Paragraph 38. PillPack lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations about her knowledge and belief in the second sentence of Paragraph 38, and so denies all allegations in that sentence and specifically denies that any class should be certified in this action. PillPack denies the allegations in the final sentence of Paragraph 38 and specifically denies that any class should be certified in this action.

39. PillPack denies the allegations in Paragraph 39 and specifically denies that any class should be certified in this action.

40. In response to the allegations in the first sentence of Paragraph 40, PillPack admits only that Plaintiff purports to "seek[] only damages and injunctive relief for recovery of economic injury on behalf of the Class" and not "to request any recovery for personal injury and claims related thereto." PillPack denies all other allegations in the first sentence of Paragraph 40 and specifically denies that any class should be certified in this action. In response to the allegations in the second sentence of Paragraph 40, PillPack admits only that Plaintiff purports "to reserve the

8

right to expand the Class definition." PillPack denies all other allegations in the second sentence of Paragraph 40.

41. PillPack denies the allegations in Paragraph 41 and specifically denies that any class should be certified in this action.

42. PillPack denies the allegations in Paragraph 42, including sub-paragraphs (a) through (f), and specifically denies that any class should be certified in this action.

43. PillPack denies the allegations in Paragraph 43 and specifically denies that any class should be certified in this action.

44. PillPack denies the allegations in Paragraph 44 and specifically denies that any class should be certified in this action.

45. PillPack denies the allegations in Paragraph 45 and specifically denies that any class should be certified in this action.

46. PillPack denies the allegations in Paragraph 46 and specifically denies that any class should be certified in this action.

47. PillPack denies the allegations in Paragraph 47 and specifically denies that any class should be certified in this action.

### "First Cause of Action
### Negligent Violation of Telephone Consumer Protection Act
### 47 U.S.C. §§ 227 Et Seq."

48. PillPack incorporates by reference, as if fully set forth herein, it answers and responses to Paragraphs 1 through 47 above.

49. PillPack denies the allegations in Paragraph 49 and specifically denies that any class should be certified in this action.

50. Paragraph 50 states conclusions of law to which no response is required. To the extent Paragraph 50 may be construed to contain allegations of fact directed to PillPack requiring a response, PillPack denies said allegations.

51. PillPack denies the allegations in Paragraph 51 and specifically denies that any class should be certified in this action.

52. PillPack denies the allegations in Paragraph 52, and specifically denies that any class should be certified in this action and that Plaintiff and that any member of the putative class is entitled to any relief from or against PillPack.

53. PillPack denies the allegations in Paragraph 53, and specifically denies that any class should be certified in this action and that any member of the putative class is entitled to any relief from or against PillPack.

**"Second Cause of Action
Knowing and/or Willful Violations of the Telephone Consumer Protection Act
47 U.S.C. §§ 227 Et Seq."**

54. PillPack incorporates by reference, as if fully set forth herein, it answers and responses to Paragraphs 1 through 47 above.

55. PillPack denies the allegations in Paragraph 55 and specifically denies that any class should be certified in this action.

56. Paragraph 56 states conclusions of law to which no response is required. To the extent Paragraph 56 may be construed to contain allegations of fact directed to PillPack requiring a response, PillPack denies said allegations.

57. PillPack denies the allegations in Paragraph 57 and specifically denies that any class should be certified in this action.

58. PillPack denies the allegations in Paragraph 58, and specifically denies that any class should be certified in this action and that any member of the putative class is entitled to any relief from or against PillPack.

59. PillPack denies the allegations in Paragraph 59, and specifically denies that any class should be certified in this action and that any member of the putative class is entitled to any relief from or against PillPack.

### "Prayer for Relief"

In response to the unnumbered paragraph following Paragraph 70 beginning with the word "WHEREFORE," PillPack denies that Plaintiff or any putative class member is entitled to any relief from or against PillPack in this action and specifically denies that any class should be certified in this action.

### "First Cause of Action for Negligent Violation of the TCPA, 47 U.S.C. §§ 227 Et Seq."

60. In response to the allegations in Paragraph 60, PillPack admits only that Plaintiff purports to seek the relief described in Paragraph 60 in this action. PillPack otherwise denies that Plaintiff or any putative class member is entitled to any relief from or against PillPack in this action, and specifically denies that any class should be certified in this action. Except as expressly admitted here, PillPack denies all allegations in Paragraph 60.

61. In response to the allegations in Paragraph 61, PillPack admits only that Plaintiff purports to seek the relief described in Paragraph 61 in this action. PillPack otherwise denies that Plaintiff or any putative class member is entitled to any relief from or against PillPack in this action, and specifically denies that any class should be certified in this action. Except as expressly admitted here, PillPack denies all allegations in Paragraph 61.

62. In response to the allegations in Paragraph 62, PillPack admits only that Plaintiff purports to seek the relief described in Paragraph 62 in this action. PillPack otherwise denies that Plaintiff or any putative class member is entitled to any relief from or against PillPack in this action, and specifically denies that any class should be certified in this action. Except as expressly admitted here, PillPack denies all allegations in Paragraph 62.

### "Second Cause of Action for Knowing and/or Willful Violation of the TCPA, 47 U.S.C. §§ 227 Et Seq."

63. In response to the allegations in Paragraph 63, PillPack admits only that Plaintiff purports to seek the relief described in Paragraph 63 in this action. PillPack otherwise denies that Plaintiff or any putative class member is entitled to any relief from or against PillPack in this action, and specifically denies that any class should be certified in this action. Except as expressly admitted here, PillPack denies all allegations in Paragraph 63.

64. In response to the allegations in Paragraph 64, PillPack admits only that Plaintiff purports to seek the relief described in Paragraph 64 in this action. PillPack otherwise denies that Plaintiff or any putative class member is entitled to any relief from or against PillPack in this action, and specifically denies that any class should be certified in this action. Except as expressly admitted here, PillPack denies all allegations in Paragraph 64.

65. In response to the allegations in Paragraph 65, PillPack admits only that Plaintiff purports to seek the relief described in Paragraph 65 in this action. PillPack otherwise denies that Plaintiff or any putative class member is entitled to any relief from or against PillPack in this action, and specifically denies that any class should be certified in this action. Except as expressly admitted here, PillPack denies all allegations in Paragraph 65.

### AFFIRMATIVE AND ADDITIONAL DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

All putative class allegations and claims should be stricken or dismissed because this case is not appropriate for certification as a class action under Federal Rule of Civil Procedure 23, and class action treatment is not appropriate under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

## THIRD DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, because she lacks standing.

## FOURTH DEFENSE

Plaintiff lacks standing to pursue here claims because she, upon information and belief, has suffered no cognizable injury fairly traceable to the challenged conduct.

## FIFTH DEFENSE

Plaintiff lacks standing to pursue her claim for injunctive relief because there is no risk of future injury.

## SIXTH DEFENSE

Recovery on Plaintiff's claims is barred or limited by all defenses, statutory or otherwise, available under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, and applicable regulations and applicable case law, and PillPack reserves and asserts all such defenses as if fully set forth herein.

## SEVENTH DEFENSE

With respect to absent putative class members, in the event Plaintiff is allowed to pursue class certification, PillPack reserves all affirmative defenses and claims, including, but not limited to, the defenses of lack of personal or subject matter jurisdiction; lack of standing; arbitration;

prior express consent; prior express written consent; bankruptcy; good faith and/or that the claims may be barred by principles of *in pari delicto*, unclean hands, and/or similar legal or equitable principles; *res judicata*; and/or collateral estoppel, claim preclusion, judgment, waiver or similar concepts.

**EIGHTH DEFENSE**

The United States Constitution bars or limits the relief requested by Plaintiff, if and to the extent the relief would unfairly subject PillPack to punishment and/or to an unfairly extreme remedy without advance notice or opportunity to protect itself, or the relief would amount to a taking, or the relief would be out of proportion to the alleged conduct, or the remedy is unrestricted by sensible standards, or the relief would have an unfair economic impact on PillPack.

**NINTH DEFENSE**

To the extent the challenged text message was made in reliance on information provided by third parties, PillPack hereby pleads and relies upon all rights, claims, and defenses that arise by virtue of the status, conduct, or rights of those third parties, including the protections of arbitration contracts that bar a civil lawsuit of this type, and of consents obtained.

**TENTH DEFENSE**

PillPack relies on any and all defenses and limitations applicable to the subscribers or user(s) of the alleged telephone number, and co-subscribers to or co-users of the alleged telephone number.

**ELEVENTH DEFENSE**

Plaintiff's claim is barred because, upon information and belief, she consented to and invited the challenged text message.

## TWELTH DEFENSE

Neither this case, nor any part of it, may be certified as a class action pursuant to Federal Rule of Civil Procedure 23 or otherwise.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because she suffered no actual damages.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because PillPack did not engage in willful or knowing conduct in violation of the TCPA.

## FIFTEENTH DEFENSE

PillPack hereby gives notice that it will rely upon such other and further defenses as may become apparent during the course of this action.

## SIXTEENTH DEFENSE

PillPack expressly reserves its right to amend this Answer, including, but not limited to, by asserting additional defenses or making additional claims or counterclaims for further relief, as discovery in this action shall warrant, or in the event of any future change in the nature or scope of this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered the Complaint, PillPack prays for relief as follows:

1. That Plaintiff take nothing by way of the Complaint;

2. That the Complaint be dismissed in its entirety with prejudice, and that judgment be entered in favor of PillPack;

3. That PillPack be awarded its costs and expenses of suit incurred herein, including reasonable costs and attorneys' fees; and

4. For such other and further relief as this Court deems just and proper.

                                           Respectfully submitted,

                                           LANDRUM & SHOUSE

                                           */s/ R. Kent Westberry*
                                           R. Kent Westberry
                                           Bridget M. Bush
                                           LANDRUM & SHOUSE, LLP
                                           220 W. Main St., Ste. 1900
                                           Louisville, KY 40202-1395
                                           Ph: (502) 589-7616
                                           Fx: (502) 589-2119
                                           kwestberry@landrumshouse.com
                                           bbush@landrumshouse.com
                                           *Counsel for Pillpack, Inc.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 13th day of July, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

    It is further certified that I mailed the foregoing document and the notice of electronic filing by first class mail to the following non-CM/ECF participants:

<u>N/A</u>

                                           */s/ R. Kent Westberry*
                                           *Counsel for Pillpack, Inc.*