# EXHIBIT C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CIVIL ACTION NO.: 5:18-CV-66-TBR

CHRISTINA TURNER, on behalf of herself,
and all others similarly situated,                                    *PLAINTIFF*,

v.

PILLPACK, INC.,                                                       *DEFENDANT*.

### DEFENDANT PILLPACK, INC.'S RESPONSES TO CHRISTINA TURNER'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

### GENERAL RESPONSES AND OBJECTIONS

PillPack, Inc. (hereinafter "Defendant" or "PillPack") objects to all or portions of

Plaintiff's Interrogatories and Requests for Documents (the "Interrogatories and Requests") on

the following grounds (the "General Objections"), which apply in response to each Request:

PillPack objects generally to the overly broad nature of the instructions and definitions

set forth in the Interrogatories and Requests. In particular, PillPack objects to the following

definitions as overbroad, unduly burdensome, disproportionate to the needs of the case, and not

reasonably calculated to lead to the discovery of admissible evidence for the reasons that follow:

"YOU," "YOUR," and "DEFENDANT" because they are defined to include not only PillPack, but "its subdivisions, subsidiaries, related companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them." PillPack responds to these discovery requests on its own behalf only, as the Federal Rules contemplate.

"TEXT MESSAGE" AND "TEXT MESSAGES" because they are defined to improperly and incorrectly assume PillPack sent text messages itself or had text messages sent on its behalf.

PillPack objects to any and all Interrogatories and Requests to the extent that they are

1

4830-6852-2873v.7 0051461-002213

vague, overly broad, unduly burdensome, not proportional, harassing, impose undue expense and/or are irrelevant to the claims and defenses of the parties, and not reasonably calculated to lead to the discovery of relevant or admissible evidence.

PillPack objects to each Interrogatory and Request to the extent that it could be construed as requesting disclosure of information prepared by or at the direction of their attorneys; to the extent that it could be construed as requesting disclosure of information prepared by or for PillPack in contemplation of litigation or trial; to the extent that it could be construed as requesting disclosure, review, or release of confidential communication by and between PillPack and its attorneys; and to the extent that it is otherwise encompassed by the attorney-client privilege, the attorney work-product doctrine, joint-defense privilege, the marital/spousal privilege and/or any other applicable privilege.

PillPack objects to any and all Interrogatories and Requests to the extent that they seek the identification of documents, writings, records or publications in the public domain, given that such information is equally available to Plaintiff.

PillPack objects to any and all Interrogatories and Requests that are not reasonably limited in time and/or scope.

PillPack objects to any and all Interrogatories and Requests to the extent that they contain key terms that are not defined or are unreasonably compound, disjunctive or conjunctive.

PillPack objects to these Interrogatories and Requests to the extent that they seek information and/or documents that were prepared, generated, received in anticipation of or after the commencement of this litigation.

PillPack objects to these Interrogatories and Requests to the extent that they are inconsistent with or beyond the scope of the Federal Rules of Civil Procedure.

2

PillPack objects to the Interrogatories and Requests to the extent that they call for information that does not exist within the possession, custody, or control of PillPack, or that is equally available to Plaintiff.

PillPack objects to the Interrogatories and Requests to the extent that another method of discovery available to Plaintiff provides a more efficient manner to acquire the information sought.

PillPack objects to the Interrogatories and Requests to the extent that they seek legal conclusions.

PillPack objects to the extent the Interrogatories and Requests seek information and/or documents regarding text messages other than those sent by Fluent in efforts to generate customer leads for PillPack.

PillPack objects to the Interrogatories and Requests to the extent that they presume factual or legal premises not in evidence or likely to be admitted in evidence, and therefore do not contribute meaningfully to clarifying any issue raised in this matter.

PillPack objects to the Interrogatories and Requests to the extent this is currently an individual action being prosecuted by an individual Plaintiff who purports to represent others but has neither sought nor obtained class certification from the Court. Unless and until the Court certifies the case as a class action—which PillPack believes it should not do—discovery should be confined to issues relevant to Plaintiff's individual claims and to class certification issues, as contemplated by the Court's scheduling order. *See also* Fed. R. Civ. P. 23(c)(1)(A), Advisory Committee Note (2003) (before certification, discovery should be "controlled," and "limited to those aspects [of the merits of the case] relevant to making the certification decision"); Manual for Complex Litigation, Fourth § 21.14 at 256 ("Discovery relevant only to the merits delays the

3

4830-6852-2873v.7 0051461-002213

certification decision and may ultimately be unnecessary."). PillPack objects to any discovery beyond issues relevant to Plaintiff's individual claims or relevant to class certification issues.

PillPack is providing responses and objections without waiver of, or prejudice to, their right at any later time to raise objections as to the competence, relevance, materiality, or admissibility of the Interrogatories and Requests or any statement made in the responses and objections. PillPack's responses and objections shall not be deemed to constitute admissions that any information provided in the responses and objections is admissible in evidence.

PillPack's offer to produce documents in response to any individual Interrogatory or Request should not be construed as indicating that PillPack has any document responsive to the Interrogatory or Request, but only that it will conduct a reasonable search for and produce such non-privileged responsive documents, if any, as are within its possession, custody or control.

The answering of any Interrogatory or Request by PillPack is not, and shall not be construed as, an admission of the propriety of any Interrogatory or Request.

PillPack and its attorneys have not completed their investigation, discovery and preparation for trial, nor have they concluded their analysis of information gathered to date. These responses and objections, therefore, are based on information presently available to and in the possession of PillPack and its attorneys. Further discovery and independent investigation may lead to supplement and amendment of the following responses and objections.

Subject to the General Objections and the Specific Objections as to each Request for Production of Documents, any responsive, non-privileged documents will be produced at a mutually agreeable time and place.

Subject to the above General Objections, which are hereby interposed as to each Interrogatory and Request, PillPack specifically objects and responds as follows:

4

## REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

In addition to the General Objections, PillPack incorporates by reference, as if fully set forth herein, its specific and general objections to each of Plaintiff's First Set of Interrogatories.

## REQUEST FOR PRODUCTION NO. 1

All DOCUMENTS and ESI relied upon in drafting YOUR answers to PLAINTIFF's First Set of Interrogatories.

## RESPONSE:

In addition to its General Objections, PillPack objects to this Request as improper, premature, overly broad, unduly burdensome, and/or neither relevant nor proportional to the needs of the case because, among other reasons, (1) it fails to identify with reasonable particularity the documents it seeks and (2) it improperly purports to require PillPack to produce "[a]ll documents to which you referred to formulate and/or obtain your answers to Plaintiff's First Set of Interrogatories" without limitation, and without regard to the fact that such production would be unreasonably duplicitous of the interrogatories and is disproportional to the needs of the case. PillPack further objects to this Request to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work-product doctrine (including but not limited to the protection afforded by Federal Rule of Civil Procedure 26(b)(3)), the joint-defense privilege, or any other applicable privileges or reasons for non-production. Documents and information covered by such privileges are not subject to disclosure. Subject to these objections and the General Objections, and based upon its understanding of the documents sought by this Request, PillPack will produce non-privileged documents referred to or identified in its Responses to the Interrogatories. PillPack's investigation of this matter and

5

4830-6852-2873v.7 0051461-002213

discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

### REQUEST FOR PRODUCTION NO. 2

All contracts, agreements, or written understandings that RELATE TO any relationship between YOU and PLAINTIFF.

### RESPONSE:

In addition to the General Objections, PillPack objects to this Request as improper, premature, overly broad, unduly burdensome, and/or neither relevant nor proportional to the needs of the case because, among other reasons, it purports to require PillPack to produce documents already in Plaintiff's possession and therefore equally accessible to Plaintiff. Subject to these objections and the General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that it will produce non-privileged records concerning the text messages Fluent initiated to Plaintiff's Telephone Number that it is able to locate upon a reasonable search. PillPack states that its investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

### REQUEST FOR PRODUCTION NO. 3

COMMUNICATIONS between YOU and/or any vendor or third party acting on YOUR behalf and PLAINTIFF, INCLUDING any voice recordings or emails, which discuss the TEXT MESSAGES sent to PLAINTIFF.

### RESPONSE:

4830-6852-2873v.7 0051461-002213

Subject to the General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that it will produce non-privileged records concerning the text message Fluent initiated to Plaintiff's Telephone Number that it is able to locate upon a reasonable search. PillPack states that its investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

## REQUEST FOR PRODUCTION NO. 4

All COMMUNICATIONS containing PLAINTIFF's cellular phone number, (270) 556-2221.

## RESPONSE:

In addition to the General Objections, PillPack objects to this Request to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work-product doctrine (including but not limited to the protection afforded by Federal Rule of Civil Procedure 26(b)(3)), the joint-defense privilege, or any other applicable privileges or reasons for non-production. Documents and information covered by such privileges are not subject to disclosure. Subject to these objections and the General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that it will produce non-privileged records concerning the text message Fluent initiated to Plaintiff's Telephone Number that it is able to locate upon a reasonable search. PillPack states that its investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

## REQUEST FOR PRODUCTION NO. 5

7

All DOCUMENTS and ESI containing PLAINTIFF's cellular phone number, (270) 556-2221.

**RESPONSE:**

In addition to the General Objections, PillPack objects to this Request to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work-product doctrine (including but not limited to the protection afforded by Federal Rule of Civil Procedure 26(b)(3)), the joint-defense privilege, or any other applicable privileges or reasons for non-production. Documents and information covered by such privileges are not subject to disclosure. PillPack further objects to this Request to the extent that it is duplicative of Request No. 4. Subject to these objections and the General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that it will produce non-privileged records containing Plaintiff's Telephone Number that it is able to locate upon a reasonable search. PillPack's investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

## REQUEST FOR PRODUCTION NO. 6

All DOCUMENTS and ESI exchanged between YOU and any PERSON RELATING TO the procurement of PLAINTIFF's cellular phone number, (270) 556-2221.

**RESPONSE:**

In addition to the General Objections, PillPack objects to this Request as improper, premature, overly broad, unduly burdensome, and/or neither relevant nor proportional to the needs of the case because, among other reasons, (1) it seeks documents and information not relevant to Plaintiff's claims in this lawsuit; and (2) it fails to identify the documents it seeks with

8

4830-6852-2873v.7 0051461-002213

reasonable particularity. PillPack further objects to this Request to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work-product doctrine (including but not limited to the protection afforded by Federal Rule of Civil Procedure 26(b)(3)), the joint-defense privilege, or any other applicable privileges or reasons for non-production. PillPack further objects to this Request to the extent that it is duplicative of Requests No. 4 and 5. Subject to these objections and the General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that it will produce non-privileged documents sufficient to identify how it obtained Plaintiff's Telephone Number that it is able to locate upon a reasonable search. PillPack's investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

## REQUEST FOR PRODUCTION NO.7

DOCUMENTS and ESI sufficient to IDENTIFY the total number of TEXT MESSAGES sent to PLAINTIFF'S cellular telephone, (270) 556-2221, by YOU and/or any vendor or third party acting on YOUR behalf.

**RESPONSE:**

In addition to the General Objections, PillPack objects to this Request as improperly and inaccurately imbedding the legal conclusion that the text message about which Plaintiff complains was sent by or "on behalf of" PillPack. PillPack further objects to this Request to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work-product doctrine (including but not limited to the protection afforded by Federal Rule of Civil Procedure 26(b)(3)), the joint-defense privilege, or any other applicable

4830-6852-2873v.7 0051461-002213

privileges or reasons for non-production. Subject to these objections and the General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that it will produce non-privileged records that it is able to locate upon a reasonable search sufficient to identify the number of text messages Fluent initiated to Plaintiff's Telephone Number. PillPack states that its investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

**REQUEST FOR PRODUCTION NO. 8**

All DOCUMENTS ESI that YOU contend represent PRIOR EXPRESS WRITTEN CONSENT provided by PLAINTIFF to receive TEXT MESSAGES to her cellular telephone, (270) 556-2221.

**RESPONSE:**

In addition to the General Objections, PillPack objects to this Interrogatory as improper, premature, overly broad, unduly burdensome, and/or neither relevant nor proportional to the needs of the case because, among other reasons, it seeks information, facts and documents concerning PillPack's ultimate contentions and defenses in this action at this pleadings stage of the lawsuit and before the completion of discovery from Plaintiff and other third parties. Subject to these objections and the General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that it will produce non-privileged responsive records that it is able to locate upon a reasonable search. PillPack states that its investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

10

## REQUEST FOR PRODUCTION NO. 9

All COMMUNICATIONS that YOU contend represent PRIOR EXPRESS WRITTEN CONSENT provided by PLAINTIFF to receive TEXT MESSAGES to her cellular telephone, (270) 556-2221.

## RESPONSE:

PillPack incorporates by reference its responses and objections to Request No. 8 as if fully set forth here.

## REQUEST FOR PRODUCTION NO. 10

DOCUMENTS and ESI sufficient to IDENTIFY the TELEPHONE DIALING EQUIPMENT YOU and/or any vendor or third party acting on YOUR behalf used to send TEXT MESSAGES to PLAINTIFF during the RELEVANT TIME PERIOD.

## RESPONSE:

In addition to the General Objections, PillPack objects to this Request as improper, premature, overly broad, unduly burdensome, and/or neither relevant nor proportional to the needs of the case because, among other reasons, it fails to identify the documents sought with reasonable particularity. PillPack further objects to this Request as improperly and inaccurately imbedding the legal conclusion that the text message about which Plaintiff complains was sent by or "on behalf of" PillPack. Subject to these objections and its General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that it will produce non-privileged documents that it is able to locate upon a reasonable search sufficient to identify the equipment Fluent used to send the text message about which Plaintiff complains. PillPack's investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus

11

reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

## REQUEST FOR PRODUCTION NO. 11

DOCUMENTS and ESI sufficient to IDENTIFY the technological capability and capacity of the TELEPHONE DIALING EQUIPMENT YOU and/or any vendor or third party acting on YOUR behalf used to send TEXT MESSAGES to PLAINTIFF during the RELEVANT TIME PERIOD.

## RESPONSE:

In addition to the General Objections, PillPack objects to this Request as improper, premature, overly broad, unduly burdensome, and/or neither relevant nor proportional to the needs of the case because, among other reasons, (1) it fails to identify the documents sought with reasonable particularity; (2) the terms "capability and capacity" are undefined, vague, ambiguous; and (3) the phrase "used to send" is undefined, vague, and ambiguous. PillPack further objects to this Request to the extent that it is duplicative of Request No. 10. Subject to these objections and its General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that it will produce non-privileged documents that it is able to locate upon a reasonable search concerning the capacity of the equipment Fluent used to send the text message about which Plaintiff complains to (i) generate random or sequential numbers to be called and dial them or (ii) store and automatically dial numbers to be called without human intervention. PillPack's investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

12

**REQUEST FOR PRODUCTION NO. 12**

DOCUMENTS and ESI sufficient to IDENTIFY the TELEPHONE DIALING EQUIPMENT YOU and/or any vendor or third party acting on YOUR behalf used to send TEXT MESSAGES to TEXT RECIPIENTS during the RELEVANT TIME PERIOD.

**RESPONSE:**

In addition to the General Objections, PillPack objects to this Request as improperly and inaccurately imbedding the legal conclusion that the text message about which Plaintiff complains was sent by or "on behalf of" PillPack. PillPack further objects to this Request to the extent that it is duplicative of Request Nos. 10 and 11. PillPack further objects to the extent this Request seeks documents and ESI regarding text messages other than those sent by Fluent in efforts to generate customer leads for PillPack. Subject to these objections and its General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that it will produce non-privileged documents that it is able to locate upon a reasonable search sufficient to identify the equipment Fluent used to send the text message about which Plaintiff complains. PillPack's investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.


**REQUEST FOR PRODUCTION NO. 13**

DOCUMENTS and ESI sufficient to IDENTIFY the technological capability and capacity of the TELEPHONE DIALING EQUIPMENT YOU and/or any vendor or third party acting on YOUR behalf used to send TEXT MESSAGES to TEXT RECIPIENTS during the RELEVANT TIME PERIOD.

13

4830-6852-2873v.7 0051461-002213

**RESPONSE:**

PillPack incorporates by reference its responses and objections to Request No. 12 as if fully set forth here.

**REQUEST FOR PRODUCTION NO. 14**

All training guides or manuals whereby YOU train YOUR employees and/or agents to use the TELEPHONE DIALING EQUIPMENT YOU and/or any vendor or third party acting on YOUR behalf used to send TEXT MESSAGES to TEXT RECIPIENTS during the RELEVANT TIME PERIOD.

**RESPONSE:**

In addition to the General Objections, PillPack objects to this Request as improperly and inaccurately imbedding the legal conclusion that the text message about which Plaintiff complains was sent by or "on behalf of" PillPack. PillPack further objects to the extent this Request seeks documents and ESI regarding text messages other than those sent by Fluent in efforts to generate customer leads for PillPack. Subject to these objections and the General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that to the best of its knowledge and belief no responsive documents exist regarding text messages sent by Fluent in efforts to generate customer leads for PillPack. PillPack's investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

14

4830-6852-2873v.7 0051461-002213

**REQUEST FOR PRODUCTION NO. 15**

DOCUMENTS and ESI sufficient to IDENTIFY the form and format in which YOU store the telephone numbers of TEXT RECIPIENTS (e.g., in an electronic database).

**RESPONSE:**

In addition to the General Objections, PillPack further objects to the extent this Request seeks documents and ESI regarding text messages other than those sent by Fluent in efforts to generate customer leads for PillPack. Subject to these objections and the General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that it will produce non-privileged responsive records that it is able to locate upon a reasonable search. PillPack's investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

**REQUEST FOR PRODUCTION NO. 16**

All DOCUMENTS and ESI IDENTIFYING, describing or referring to the purpose, context, conduct, and methodology used to verify PRIOR EXPRESS WRITTEN CONSENT and continuing PRIOR EXPRESS WRITTEN CONSENT from the TEXT RECIPIENTS to receive the TEXT MESSAGES during the RELEVANT TIME PERIOD.

**RESPONSE:**

In addition to the General Objections, PillPack objects to this Request as improper, premature, overly broad, unduly burdensome, and/or neither relevant nor proportional to the needs of the case because, among other reasons, (1) the Request fails to identify the documents sought with reasonable particularity and is otherwise incomprehensible; and (2) the terms "purpose, context, conduct, and methodology" are undefined, vague, and ambiguous. PillPack further objects to this

15

Request to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work-product doctrine (including but not limited to the protection afforded by Federal Rule of Civil Procedure 26(b)(3)), the joint-defense privilege, or any other applicable privileges or reasons for non-production. PillPack further objects to the extent this Request seeks documents and ESI regarding text messages other than those sent by Fluent in efforts to generate customer leads for PillPack. Subject to these objections and the General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that it will produce non-privileged responsive records regarding text messages sent by Fluent in efforts to generate customer leads for PillPack that it is able to locate upon a reasonable search. PillPack states that its investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

## REQUEST FOR PRODUCTION NO. 17

All training guides or manuals utilized during the RELEVANT TIME PERIOD whereby YOU train YOUR employees and/or agents in the procurement of telephone numbers.

## RESPONSE:

In addition to the General Objections, PillPack objects to this Request as improper, premature, overly broad, unduly burdensome, and/or neither relevant nor proportional to the needs of the case because, among other reasons, (1) it purports to require PillPack to undertake an unreasonable investigation at substantial and unnecessary cost as a prerequisite to responding as the request pertains to all telephone numbers in PillPack's possession, custody, or control without regard to whether any text messages were sent to those telephone numbers; (2) it purports to require PillPack to identify, collect, and produce, from any source, "[a]ll training

16

4830-6852-2873v.7 0051461-002213

guides or manuals… whereby you train your employees and /or agents in the procurement of telephone numbers without limitation; (3) the term "train," and "procurement" are undefined, vague, and ambiguous; (4) it seeks documents and information concerning matters or issues that are beyond the scope of the allegations of the Complaint relating to Plaintiff's individual claims or class certification; and (5) it seeks documents and information not relevant to Plaintiff's claims in this lawsuit. PillPack further objects to the extent this Request seeks documents and ESI regarding text messages other than those sent by Fluent in efforts to generate customer leads for PillPack. Subject to these objections and the General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that to the best of its knowledge and belief no responsive documents exist regarding text messages sent by Fluent in efforts to generate customer leads for PillPack. PillPack's investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

**REQUEST FOR PRODUCTION NO. 18**

All of YOUR written policies, manuals and other DOCUMENTS RELATED TO processing and honoring REMOVAL REQUESTS during the RELEVANT TIME PERIOD.

**RESPONSE:**

In addition to the General Objections, PillPack objects to this Request as improper, premature, overly broad, unduly burdensome, and/or neither relevant nor proportional to the needs of the case because, among other reasons, (1) it purports to require PillPack to undertake an unreasonable investigation at substantial and unnecessary cost as a prerequisite to responding as the request pertains to "removal requests" where Plaintiff does not allege she made such a request at all, let alone one that was not honored; (2) it seeks documents and information

17

concerning matters or issues that are beyond the scope of the allegations of the Complaint relating to Plaintiff's individual claims or class certification; and (3) it seeks documents and information not relevant to Plaintiff's claims in this lawsuit. PillPack further objects to this Request to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work-product doctrine (including but not limited to the protection afforded by Federal Rule of Civil Procedure 26(b)(3)), the joint-defense privilege, or any other applicable privileges or reasons for non-production. PillPack further objects to the extent this Request seeks documents and ESI regarding text messages other than those sent by Fluent in efforts to generate customer leads for PillPack. Subject to these objections and the General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that it will not produce documents in response to this Request. PillPack reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

**REQUEST FOR PRODUCTION NO. 19**

All DOCUMENTS and/or ESI RELATING TO YOUR procedures and criteria for ensuring YOUR compliance with the TCPA during the RELEVANT TIME PERIOD.

**RESPONSE:**

In addition to the General Objections, PillPack objects to this Request as improper, premature, overly broad, unduly burdensome, and/or neither relevant nor proportional to the needs of the case because, among other reasons, the terms "procedures and criteria" and "compliance" are undefined, vague, and ambiguous. PillPack further objects to this Request to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work-product doctrine (including but not limited to the protection afforded by

18

4830-6852-2873v.7 0051461-002213

Federal Rule of Civil Procedure 26(b)(3)), the joint-defense privilege, or any other applicable privileges or reasons for non-production. PillPack further objects to the extent this Request seeks documents and ESI regarding text messages other than those sent by Fluent in efforts to generate customer leads for PillPack. Subject to these objections and the General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that it will produce non-privileged responsive records that it is able to locate upon a reasonable search regarding text messages sent by Fluent in efforts to generate customer leads for PillPack. PillPack states that its investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

## REQUEST FOR PRODUCTION NO. 20

All COMMUNICATIONS RELATING TO YOUR procedures and criteria for ensuring YOUR compliance with the TCPA during the RELEVANT TIME PERIOD.

**RESPONSE:**

In addition to the General Objections, PillPack objects to this Request as improper, duplicative, premature, overly broad, unduly burdensome, and/or neither relevant nor proportional to the needs of the case because, among other reasons, the terms "procedures and criteria" are undefined, vague, and ambiguous. PillPack further objects to this Request to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work-product doctrine (including but not limited to the protection afforded by Federal Rule of Civil Procedure 26(b)(3)), the joint-defense privilege, or any other applicable privileges or reasons for non-production. PillPack further objects to the extent this Request is

19

4830-6852-2873v.7 0051461-002213

duplicative of Request No. 19. PillPack further objects to the extent this Request seeks documents and ESI regarding text messages other than those sent by Fluent in efforts to generate customer leads for PillPack. Subject to these objections and the General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that it will produce non-privileged responsive records regarding text messages sent by Fluent in efforts to generate customer leads for PillPack that it is able to locate upon a reasonable search. PillPack states that its investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

**REQUEST FOR PRODUCTION NO. 21**

All DOCUMENTS THAT explain YOUR policies, procedures and practices used by YOUR employees during the RELEVANT TIME PERIOD in determining whether the persons to be texted by YOU on their cellular phone have or have not provided YOU with PRIOR EXPRESS WRITTEN CONSENT prior to YOU sending a TEXT MESSAGE.

**RESPONSE:**

In addition to the General Objections, PillPack objects to this Request as improper, premature, overly broad, unduly burdensome, and/or neither relevant nor proportional to the needs of the case because, among other reasons, the Request fails to identify the documents sought with reasonable particularity and is otherwise incomprehensible. PillPack further objects to this Request to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work-product doctrine (including but not limited to the protection afforded by Federal Rule of Civil Procedure 26(b)(3)), the joint-defense privilege, or

20

any other applicable privileges or reasons for non-production. PillPack further objects to the extent this Request seeks documents and ESI regarding text messages other than those sent by Fluent in efforts to generate customer leads for PillPack. Subject to these objections and the General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that it did not send marketing texts to Plaintiff or anyone so no responsive documents exist. PillPack states that its investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

## REQUEST FOR PRODUCTION NO. 22

DOCUMENTS and ESI sufficient to IDENTIFY all vendors or third parties that sent TEXT MESSAGES on YOUR behalf to any TEXT RECIPIENT during the RELEVANT TIME PERIOD.

### RESPONSE:

In addition to the General Objections, PillPack objects to this Request as improperly and inaccurately imbedding the legal conclusion that the text message about which Plaintiff complains was sent by or "on behalf of" PillPack. PillPack further objects to the extent this Request seeks documents and ESI regarding text messages other than those sent by Fluent in efforts to generate customer leads for PillPack. Subject to these objections and its General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that it will produce non-privileged documents that it is able to locate upon a reasonable search sufficient to identify the third party (Fluent) which sent the text message about which Plaintiff complains. PillPack's investigation of this matter and discovery of Plaintiff and third

21

parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

## REQUEST FOR PRODUCTION NO. 23

All consumer complaints RELATING TO TEXT MESSAGES made to YOU and/or any vendor or third party acting on YOUR behalf, regardless of whether lawsuits arose out of such complaints.

## RESPONSE:

In addition to the General Objections, PillPack objects to this Request as improper, premature, overly broad, unduly burdensome, and/or neither relevant nor proportional to the needs of the case because, among other reasons, (1) it seeks documents and information concerning matters or issues that are beyond the scope of the allegations of the Complaint relating to Plaintiff's individual claims or to class certification; (2) it purports to require PillPack to identify and collect "[a]ll consumer complaints" without limitation and without regard to whether such communications concern matters within the scope of Plaintiff's claims in this lawsuit; (3) the term "consumer complaints" is undefined, vague, and ambiguous; and (4) it purports to require PillPack to identify, collect, and produce "all consumer complaints" without regard to the nature or substance of the communication and no matter how immaterial or inconsequential the reference to a communication. PillPack further objects to this Request to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work-product doctrine (including but not limited to the protection afforded by Federal Rule of Civil Procedure 26(b)(3)), the joint-defense privilege, or any other applicable privileges or reasons for non-production. PillPack further objects to this Request as improperly and inaccurately imbedding the legal conclusion that the text message about which Plaintiff

22

4830-6852-2873v.7 0051461-002213

complains was sent by or "on behalf of" PillPack. PillPack further objects to the extent this Request seeks documents and ESI regarding text messages other than those sent by Fluent in efforts to generate customer leads for PillPack. No documents will be produced at this time in response to this Request. PillPack's investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

## REQUEST FOR PRODUCTION NO. 24

All insurance policies that may provide or upon which YOU may make claims for coverage RELATING TO the subject matter of this lawsuit.

## RESPONSE:

In addition to the General Objections, PillPack objects to this Request as improper, premature, overly broad, unduly burdensome, and/or neither relevant nor proportional to the needs of the case because, among other reasons, (1) it seeks the production of "[a]ll insurance policies that provide or upon which you may make claims for coverage relating to the subject matter of this lawsuit" without limitation, and beyond what is permissible pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iv). Subject to these objections and the General Objections, and based upon its understanding of the documents sought by this Request, PillPack refers Plaintiff to its Initial Disclosures for information responsive to this Request together with the coverage denial letter PillPack earlier produced. No additional documents will be produced at this time in response to this Request. PillPack's investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

23

**REQUEST FOR PRODUCTION NO. 25**

All DOCUMENTS and ESI sufficient to IDENTIFY the total number of TEXT MESSAGES sent to the TEXT RECIPIENTS, including DATE and time the TEXT MESSAGES were sent, in a commercially usable and searchable format, such as comma delimited, CSV, pipe delimited, or similar format, and the TELEPHONE DIALING EQUIPMENT used to send such TEXT MESSAGES.

**RESPONSE:**

In addition to the General Objections, PillPack objects that the Request is overly broad, unduly burdensome, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence as it calls for documents that are unrelated and irrelevant to Plaintiff's claims or to class certification. PillPack further objects to the extent this Request seeks documents and ESI regarding text messages other than those sent by Fluent in efforts to generate customer leads for PillPack. No documents will be produced at this time in response to this Request. PillPack reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

**REQUEST FOR PRODUCTION NO. 26**

YOUR document retention policy or policies.

**RESPONSE:**

In addition to the General Objections, PillPack objects to this Request as improper, premature, overly broad, unduly burdensome, and/or neither relevant nor proportional to the needs of the case because, among other reasons, (1) it fails to identify the documents sought with reasonable particularity; (2) it purports to require PillPack to undertake an unreasonable investigation at

24

substantial and unnecessary cost as a prerequisite to responding; (3) it seeks documents and information concerning matters or issues that are beyond the scope of the allegations of the Complaint relating to Plaintiff's individual claims or class certification; (4) it seeks documents and information not relevant to Plaintiff's claims in this lawsuit; without limitation and without regard to whether documents, policies, procedures and/or practices concern matters within the scope of Plaintiff's claim in this lawsuit; (5) it fails to identify the documents sought with reasonable particularity; (6) it purports to require PillPack to produce documents and information from outside the applicable limitations period; and (7) the term "document retention policy" is undefined, vague, and ambiguous. PillPack further objects to this Request to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work-product doctrine (including but not limited to the protection afforded by Federal Rule of Civil Procedure 26(b)(3)), the joint-defense privilege, or any other applicable privileges or reasons for non-production. Documents and information covered by such privileges are not subject to disclosure. PillPack states that it will not produce documents in response to this Request at this time. PillPack reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

## REQUEST FOR PRODUCTION NO. 27

All contracts, agreements, written understandings, and instructions that RELATE TO Any relationship between YOU and Fluent, Inc.

## RESPONSE:

In addition to the General Objections, PillPack objects to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks every document that

25

may "relate to" its relationship with Fluent, which is boundless, and the burden of producing every responsive document would far outweigh any benefit. PillPack further objects to this Request to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work-product doctrine (including but not limited to the protection afforded by Federal Rule of Civil Procedure 26(b)(3)), the joint-defense privilege, or any other applicable privileges or reasons for non-production. Documents and information covered by such privileges are not subject to disclosure. Subject to these objections and the General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that it will produce non-privileged contracts, agreements, written understandings, and instructions between it and Fluent that it is able to locate upon a reasonable search. PillPack's investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

**REQUEST FOR PRODUCTION NO. 28**

All invoices or billing statements YOU received from Fluent, Inc.

**RESPONSE:**

In addition to the General Objections, PillPack objects that the Request is overly broad, unduly burdensome, disproportionate to the needs of the case, and not reasonably calculated to lead to the discovery of admissible evidence as it calls for documents that are unrelated and irrelevant to Plaintiff's claims or to class certification. No documents will be produced at this time in response to this Request. PillPack reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

26

4830-6852-2873v.7 0051461-002213

## REQUEST FOR PRODUCTION NO. 29

All contracts, agreements, written understandings, and instructions that RELATE TO Any relationship between YOU and RewardZone, USA, LLC.

## RESPONSE:

In addition to the General Objections, PillPack objects to this Request to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work-product doctrine (including but not limited to the protection afforded by Federal Rule of Civil Procedure 26(b)(3)), the joint-defense privilege, or any other applicable privileges or reasons for non-production. Documents and information covered by such privileges are not subject to disclosure. Subject to these objections and the General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that to the best of its knowledge and belief no responsive documents exist. PillPack's investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this Response (or produce additional documents) at a later time for any reason.

## REQUEST FOR PRODUCTION NO. 30

All contracts, agreements, written understandings, and instructions that RELATE TO Any relationship between YOU and Verde Energy, CAC.

## RESPONSE:

In addition to the General Objections, PillPack objects to this Request to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work-product doctrine (including but not limited to the protection afforded by

27

Federal Rule of Civil Procedure 26(b)(3)), the joint-defense privilege, or any other applicable privileges or reasons for non-production. Documents and information covered by such privileges are not subject to disclosure. Subject to these objections and the General Objections, and based upon its understanding of the documents sought by this Request, PillPack states that no documents responsive to this Request exist as it has no relationship with Verde Energy, CAC.

## REQUEST FOR PRODUCTION NO. 31.

All DOCUMENTS which evidence YOUR relationship with the website http://consumerproductusa.com .

## RESPONSE:

PillPack incorporates by reference its responses and objections to Request No. 27 as if fully set forth here.

## INTERROGATORIES

## INTERROGATORY NO. 1

IDENTIFY all PERSONS who provided and/or assisted in providing the responses to these Interrogatories, Plaintiffs First Set of Requests for the Production of Documents served on YOU, and the substance of YOUR ANSWER and Affirmative Defenses to PLAINTIFF's COMPLAINT.

## ANSWER:

In addition to the General Objections, PillPack objects to this Interrogatory to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work-product doctrine (including but not limited to the protection afforded by

28

4830-6852-2873v.7 0051461-002213

Federal Rule of Civil Procedure 26(b)(3)), or any other applicable privileges or reasons for non-production. Subject to these objections and the General Objections, PillPack states that Teague McKnight verified its responses to the Interrogatories. Mr. McKnight's current position at PillPack is Vice President of Acquisition Marketing. Further answering, PillPack refers Plaintiff to its Initial Disclosures (August 21, 2018) for the names and titles of additional individuals who have or may have information concerning some of the matters set forth in its responses to the Interrogatories. Mr. McKnight and the other current or former PillPack Employees may be contacted only through PillPack's undersigned counsel.

**INTERROGATORY NO. 2**

For each PERSON IDENTIFIED in response to Interrogatory No.1 above, state the PERSON'S position or title, their job duties or responsibilities, the length of time of each such PERSON'S employment, and IDENTIFY the responses (or if YOUR ANSWER and Affirmative Defenses - which paragraph or affirmative defense) that each PERSON prepared or assisted in preparing.

**ANSWER:**

In addition to the General Objections, PillPack objects to this Interrogatory to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work-product doctrine (including but not limited to the protection afforded by Federal Rule of Civil Procedure 26(b)(3)), or any other applicable privileges or reasons for non-production. Subject to these objections and the General Objections, PillPack states as follows: Teague McKnight, Vice President Acquisition Marketing, has been employed by PillPack since January 2016. His job responsibilities include oversight of marketing relationships with vendors such as Fluent. Geoff Swindle, PillPack's Chief Business Officer, has been employed by

29

PillPack since December 2015. His job responsibilities include overall responsibility for all of PillPack's relationships with vendors, such as Fluent.

**INTERROGATORY NO. 3**

DESCRIBE the manner in which YOU obtained or came into possession of the telephone number belonging to PLAINTIFF.

**ANSWER:**

In addition to its General Objections, PillPack objects to this Request to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work-product doctrine (including but not limited to the protection afforded by Federal Rule of Civil Procedure 26(b)(3)), the joint-defense privilege, or any other applicable privileges or reasons for non-production. Documents and information covered by such privileges are not subject to disclosure. Subject to these objections and the General Objections, and based upon its understanding of the information sought by this Interrogatory, PillPack states that it did not obtain or come into possession of Plaintiff's claimed telephone number (270-556-2221) at any time before Plaintiff filed the present action. The manner in which Fluent obtained that phone number is described in the Affidavit of Harshit Chokshi, which PillPack earlier produced to Plaintiff and from which Plaintiff may derive or ascertain additional information responsive to this Interrogatory. In accordance with Fed. R. Civ. P. 33(d), PillPack states that the burden of deriving or ascertaining additional responsive information from the Affidavit is the same for Plaintiff as for PillPack. PillPack's investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this response at a later date for any reason.

4830-6852-2873v.7 0051461-002213

## INTERROGATORY NO. 4

IDENTIFY the DATE and time of each TEXT MESSAGE YOU or any vendor or third party acting on YOUR behalf sent to PLAINTIFF.

## ANSWER:

In addition to the General Objections, PillPack objects to this Interrogatory as improperly and inaccurately imbedding the legal conclusion that the text message about which Plaintiff complains was sent by or "on behalf of" PillPack. Subject to these objections and the General Objections, and based upon its understanding of the information sought by this Interrogatory, PillPack presently lacks knowledge or information within its possession, custody, or control sufficient to identify the date and time of each text message Fluent may have sent to Plaintiff's claimed telephone number (270-556-2221), but PillPack is seeking that information from Fluent and will supplement this Answer if it obtains that information.

## INTERROGATORY NO. 5

IDENTIFY any vendors or third parties that sent TEXT MESSAGES on YOUR behalf to PLAINTIFF during the RELEVANT TIME PERIOD.

## ANSWER:

In addition to the General Objections, PillPack objects to this Interrogatory as improperly and inaccurately imbedding the legal conclusion that the text message about which Plaintiff complains was sent by or "on behalf of" PillPack. Subject to these objections and the General Objections, and based upon its understanding of the information sought by this Interrogatory, PillPack states it understands Fluent may have sent one or more text messages to Plaintiff's

4830-6852-2873v.7 0051461-002213

claimed telephone number (270-556-2221). Contact and other identifying information about Fluent is equally available to Plaintiff from public sources such as Fluent's website: https://www.fluentco.com. The burden of deriving or ascertaining such additional information from public sources is the same for Plaintiff as for PillPack. PillPack's investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this response at a later date for any reason.

### INTERROGATORY NO. 6

If YOU contend that YOU had PRIOR EXPRESS WRITTEN CONSENT to send TEXT MESSAGES to PLAINTIFF, DESCRIBE with particularity the means by which YOU or any other PERSON obtained such PRIOR EXPRESS WRITTEN CONSENT.

### ANSWER:

In addition to the General Objections, PillPack objects to this Interrogatory as improper, premature, overly broad, unduly burdensome, and/or neither relevant nor proportional to the needs of the case because, among other reasons, it seeks information, facts and documents concerning PillPack's ultimate contentions and defenses in this action at this pleadings stage of the lawsuit and before the completion of discovery from Plaintiff and other third parties. PillPack further objects to this Request to the extent that it expressly or impliedly seeks information protected from discovery by the attorney-client privilege, the work-product doctrine (including but not limited to the protection afforded by Federal Rule of Civil Procedure 26(b)(3)), the joint-defense privilege, or any other applicable privileges or reasons for non-production. Documents and information covered by such privileges are not subject to disclosure. Subject to these objections and the General Objections, PillPack states that Fluent obtained Plaintiff's prior

32

4830-6852-2873v.7 0051461-002213

express consent to send her text messages as described in the Affidavit of Harshit Chokshi, which PillPack earlier produced to Plaintiff and from which Plaintiff may derive or ascertain additional information responsive to this Interrogatory. In accordance with Fed. R. Civ. P. 33(d), PillPack states that the burden of deriving or ascertaining additional responsive information from the Affidavit is the same for Plaintiff as for PillPack. PillPack's investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this response at a later date for any reason.

**INTERROGATORY NO. 7**

IDENTIFY and DESCRIBE all TELEPHONE DIALING EQUIPMENT used during the RELEVANT TIME PERIOD to send TEXT MESSAGES to PLAINTIFF.

**ANSWER:**

In addition to the General Objections, PillPack objects to this Interrogatory as improperly and inaccurately imbedding the legal conclusion that the text message about which Plaintiff complains was sent by or "on behalf of" PillPack. Subject to these objections and the General Objections, and based upon its understanding of the information sought by this Interrogatory, PillPack states it presently lacks knowledge or information within its possession, custody, or control sufficient to answer this Interrogatory, but PillPack is seeking that information from Fluent and will supplement this Answer if it obtains that information.

33

**INTERROGATORY NO. 8**

IDENTIFY and DESCRIBE all TELEPHONE DIALING EQUIPMENT used during the RELEVANT TIME PERIOD to send TEXT MESSAGES to TEXT RECIPIENTS during the RELEVANT TIME PERIOD.

**ANSWER:**

In addition to the General Objections, PillPack objects to this Interrogatory as improperly and inaccurately imbedding the legal conclusion that the text message about which Plaintiff complains was sent by or "on behalf of" PillPack. PillPack further objects to this Request as improper, premature, overly broad, unduly burdensome, and/or neither relevant nor proportional to the needs of the case because, among other reasons, it seeks documents and information concerning matters or issues that are beyond the scope of the allegations of the Complaint relating to Plaintiff's individual claims or class certification. PillPack further objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 7. PillPack further objects to the extent this Request seeks documents and ESI regarding text messages other than those sent by Fluent in efforts to generate customer leads for PillPack. Subject to these objections and the General Objections, and based upon its understanding of the information sought by this Interrogatory, PillPack states it presently lacks knowledge or information within its possession, custody, or control sufficient to answer this Interrogatory as to the dialing equipment Fluent may have used to send any text messages to Plaintiff, but PillPack is seeking that information from Fluent and will supplement this Answer if it obtains that information.

34

4830-6852-2873v.7 0051461-002213

## INTERROGATORY NO. 9

IDENTIFY any vendors or third parties that sent TEXT MESSAGES on YOUR behalf to any TEXT RECIPIENT during the RELEVANT TIME PERIOD.

## ANSWER:

In addition to the General Objections, PillPack objects to this Interrogatory as improperly and inaccurately imbedding the legal conclusion that the text message about which Plaintiff complains was sent by or on behalf of PillPack. PillPack further objects to this Request as improper, premature, overly broad, unduly burdensome, and/or neither relevant nor proportional to the needs of the case because, among other reasons, it seeks documents and information concerning matters or issues that are beyond the scope of the allegations of the Complaint relating to Plaintiff's individual claims or class certification. PillPack further objects to the extent this Request seeks information regarding text messages other than those sent by Fluent in efforts to generate customer leads for PillPack. Subject to these objections and the General Objections, and based upon its understanding of the information sought by this Interrogatory, PillPack states it is unaware of any vendor or third party, besides Fluent, that employs text messages to generate customer leads for PillPack. PillPack's investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this response at a later date for any reason.

## INTERROGATORY NO. 10

If YOU contend that YOU had PRIOR EXPRESS WRITTEN CONSENT to send TEXT MESSAGES to any TEXT RECIPIENT during the RELEVANT TIME PERIOD, DESCRIBE

35

generally the means by which YOU or any other PERSON obtain such PRIOR EXPRESS WRITTEN CONSENT.

**ANSWER:**

In addition to the General Objections, PillPack objects to this Interrogatory as improperly and inaccurately imbedding the legal conclusion that the text message about which Plaintiff complains was sent by or on behalf of PillPack. PillPack further objects to this Interrogatory as improper, premature, overly broad, unduly burdensome, and/or neither relevant nor proportional to the needs of the case because, among other reasons, it seeks information, facts and documents concerning PillPack's ultimate contentions and defenses in this action at this pleadings stage of the lawsuit and before the completion of discovery from Plaintiff and other third parties. PillPack further objects to this Request as improper, premature, overly broad, unduly burdensome, and/or neither relevant nor proportional to the needs of the case because, among other reasons, it seeks documents and information concerning matters or issues that are beyond the scope of the allegations of the Complaint relating to Plaintiff's individual claims or class certification. PillPack further objects to the extent this Request seeks information regarding text messages other than those sent by Fluent in efforts to generate customer leads for PillPack. Subject to these objections and the General Objections, and based upon its understanding of the information sought by this Interrogatory, PillPack states that Fluent obtained prior express written consent to send text messages in the same general manner as described in the Affidavit of Harshit Chokshi with respect to the consent Plaintiff provided, which PillPack earlier produced to Plaintiff and from which Plaintiff may derive or ascertain additional information responsive to this Interrogatory. In accordance with Fed. R. Civ. P. 33(d), PillPack states that the burden of deriving or ascertaining additional responsive information from the Affidavit is the same for

36

Plaintiff as for PillPack. PillPack's investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this response at a later date for any reason.

## INTERROGATORY NO. 11

IDENTIFY all of YOUR numbers from which the TEXT MESSAGES were sent to TEXT RECIPIENTS by YOU or any or YOUR vendors or third-parties on YOUR behalf during the RELEVANT TIME PERIOD.

## ANSWER:

In addition to the General Objections, PillPack objects to this Interrogatory as improper, premature, overly broad, unduly burdensome, and/or neither relevant nor proportional to the needs of the case because, among other reasons, (1) it is not limited to the challenged text message to the number identified by Plaintiff that is the subject of this lawsuit; (2) it fails to identify the information sought with reasonable particularity; (3) it seeks information concerning matters or issues that are beyond the scope of the allegations of the Complaint relating to Plaintiff's individual claims or class certification; (4) it seeks information not relevant to Plaintiff's claims in this lawsuit to the extent it purports to concern any text message other than the challenged text message identified in the Complaint. PillPack further objects to this Request as improperly and inaccurately imbedding the legal conclusion that the text message about which Plaintiff complains was sent by or "on behalf of" PillPack. PillPack further objects to the extent this Request seeks information regarding text messages other than those sent by Fluent in efforts to generate customer leads for PillPack. Subject to these objections and the General Objections, and based upon its understanding of the information sought by this Interrogatory, PillPack states

37

it presently lacks knowledge or information within its possession, custody, or control sufficient to identify the number from which Fluent may have sent one or more text messages to Plaintiff's claimed telephone number (270-556-2221), but is seeking that information from Fluent and will supplement this Answer if it obtains that information.

**INTERROGATORY NO. 12**

DESCRIBE, with particularity YOUR relationship with Fluent, Inc. during the RELEVANT TIME PERIOD.

**ANSWER**:

Subject to the General Objections, and based upon its understanding of the information sought by this Interrogatory, PillPack states that Fluent is a third-party vendor who provides customer leads to PillPack pursuant to an agreement effective October 19, 2017, (the "Agreement") through which, among other things, Fluent expressly agreed to perform its services under the Agreement in compliance with the Telephone Consumer Protection Act, including conforming to that statute's prior express written consent requirements. PillPack will produce the Agreement in response to RFP No. 27. In accordance with Fed. R. Civ. P. 33(d), PillPack states that the burden of deriving or ascertaining additional responsive information from the Agreement is the same for Plaintiff as for PillPack. PillPack's investigation of this matter and discovery of Plaintiff and third parties is ongoing. PillPack thus reserves the right to supplement or amend this response at a later date for any reason.

**INTERROGATORY NO. 13**

DESCRIBE with particularity YOUR relationship with Verde Energy, CAC, during the RELEVANT TIME PERIOD.

38

**ANSWER:**

Subject to the General Objections, and based upon its understanding of the information sought by this Interrogatory, PillPack states that it has never had a relationship with Verde Energy, CAC.

39

4830-6852-2873v.7 0051461-002213

## VERIFICATION

This is to certify that I have read the foregoing and the answers to the Interrogatories contained therein are true to the best of my information, knowledge, and belief.

_____

Justin Teague McKnight

40

Respectfully submitted,

LANDRUM & SHOUSE

R. Kent Westberry
Bridget M. Bush
LANDRUM & SHOUSE, LLP
220 W. Main St., Ste. 1900
Louisville, KY 40202-1395
Ph: (502) 589-7616
Fx: (502) 589-2119
kwestberry a landrumshouse.com
bbush@landrumshouse.com
*Counsel for PillPack, Inc.*


## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of October, 2018, I served via First Class Mail and electronic transmission the foregoing document to the following counsel of record.

Ronald A. Marron (pro hac vice)
Kas L. Gallucci (pro hac vice)
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
kas@consumeradvocates.com

*Counsel for PillPack, Inc.*